# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 13-00034 JAK (SS)            Date: January 25, 2013
                                           Page 1 of 4

Title:    Tobias A. Frank v. Linda McGrew, Warden

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS SUCCESSIVE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Jacob Yerke | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 3, 2013, Petitioner, a federal prisoner proceeding pro se, filed his third habeas petition in this Court pursuant to 28 U.S.C. § 2241. In the Petition, Petitioner seeks an award of presentence credit for time served in state custody and claims that he is actually innocent of the underlying prior state statutory rape conviction considered by the federal court in imposing his current sentence.[1] (Pet. at 1-7). However, Petitioner previously challenged the same sentence in this Court in Case No. CV 10-08535 JAK (SS) ("Prior Petition I") and again in Case No. CV 12-03927 JAK (SS) ("Prior Petition II").[2]

---

[1] Petitioner does not, however, assert a claim of actual innocence regarding the federal offense(s) for which he is currently incarcerated. (Pet. at 4-7).

[2] The Court takes judicial notice of Petitioner's prior proceedings before this Court. See, e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court may take notice of prior judicial proceedings "both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-00034 JAK (SS)                Date: January 25, 2013
                                                Page 2 of 4

Title:    Tobias A. Frank v. Linda McGrew, Warden

In Case No. CV 10-08535, the District Judge entered judgment on August 9, 2011 dismissing Prior Petition I without prejudice for lack of jurisdiction and simultaneously issued an Order Denying Certificate of Appealability. (C.D. Cal. Case No. CV 10-08535 JAK (SS), Dkt. Nos. 40 & 41). As a preliminary matter, the Court determined that Petitioner's habeas action could proceed only pursuant to 28 U.S.C. § 2255. The Court then found that it lacked jurisdiction over Petitioner's claims because the sentence he challenged was imposed by the Southern District of Georgia and any claim regarding the lawfulness of that sentence could therefore proceed only in the Southern District of Georgia. (Id., Dkt. No. 35 at 11-12). The Court also determined that transfer of Prior Petition I to the Southern District of Georgia was futile because Petitioner had waived any challenge to his sentence as part of his plea agreement. (Id. at 12-13).

In Case No. CV 12-03927, the District Judge entered judgment on September 17, 2012, dismissing Prior Petition II without prejudice for the same reasons that it rejected Prior Petition I. (C.D. Cal. Case No. CV 12-03927 JAK (SS), Dkt. Nos. 10 & 14). On November 8, 2012, the Court denied Petitioner's Motion to Amend Judgment and issued an Order Denying a Certificate of Appealability. (Id., Dkt. Nos. 17-18).

In the instant Petition, filed on January 3, 2013, Petitioner raises essentially the same claims that were raised in Prior Petitions I and II. Therefore, just as in those cases, it appears that the Petition must proceed pursuant to 28 U.S.C. § 2255 in the Southern District of Georgia and that this Court lacks jurisdiction. Furthermore, it also appears that the Petition is successive because this is Petitioner's third habeas action in this Court challenging the same sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Courts have recognized that AEDPA generally prohibits successive petitions:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-00034 JAK (SS) | Date: | January 25, 2013 |
| | | | Page 3 of 4 |

Title: Tobias A. Frank v. Linda McGrew, Warden

> the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citations omitted); see also Beaty v. Schriro, 554 F.3d 780, 783 (9th Cir. 2009).

Here, the instant Petition appears to be successive because it raises essentially the same claims challenging the same sentence that Petitioner challenged in Prior Petitions I and II. See, e.g., Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (petition was successive because it challenged "the same custody imposed by the same judgment" as a prior petition). If the instant Petition is successive, Petitioner must obtain permission from the U.S. Court of Appeals for the Ninth Circuit before the Petition can proceed. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Based on the Court's review of the docket, it does not appear that Petitioner has requested permission from the Ninth Circuit to file a successive petition.

Petitioner's actual innocence claim appears to contend that he is actually innocent of an underlying state crime used to enhance his current sentence. (Petition at 4-7); see 28 U.S.C. § 2244(b)(2)(B). With very narrow exceptions, it is unclear whether a challenge to an underlying state conviction used to enhance a federal sentence is cognizable in a section 2255 proceeding. See Daniels v. United States, 532 U.S. 374, 382-84, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001) (federal prisoner may not challenge on habeas review the validity of an underlying state conviction used to enhance his current sentence except where the state conviction was obtained in violation of the right to counsel or has been set aside on direct or collateral review, and specifically declining to decide whether a federal prisoner may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-00034 JAK (SS)                    Date:  January 25, 2013
                                                     Page 4 of 4

Title:       Tobias A. Frank v. Linda McGrew, Warden

challenge a sentence enhancement based on a claim of actual innocence of the underlying state crime).  However, the Ninth Circuit has held that even if a petitioner can qualify for an actual innocence exception to the bar on successive petitions, he must still seek permission from the Ninth Circuit before filing his petition in the district court.  See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court.").  Because Petitioner does not appear to have sought permission from the Ninth Circuit, the instant Petition appears to be barred as successive.

     Petitioner is therefore **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this action should not be dismissed as successive.  Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason the instant Petition is not barred as successive.

     **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

     **Petitioner is further advised that instead of filing a response to the instant Order, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is cautioned that any dismissed claims may be later subject to the one-year statute of limitations under 28 U.S.C. § 2255(f).**

     The Clerk of the Court is directed to serve a copy of this Order upon Petitioner and counsel for Respondent.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk__JY__